IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| E.C.C.,[1] | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 4:25-CV-1057-O-BR |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT UNOPPOSED MOTION FOR ENTRY OF JUDGMENT WITH REMAND

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of a decision by the Commissioner of Social Security, who denied Plaintiff's application for disability insurance benefits under Title II[2] of the Social Security Act ("the Act"). (ECF 1). Plaintiff challenges the Commissioner's decision on one ground: that the Administrative Law Judge ("ALJ") failed to develop the medical evidence in the case, resulting in an insufficiently supported disability determination. (ECF 11 at 1).

Now before the Court is the Commissioner's Unopposed Motion for Entry of Judgment with Remand. (ECF 16). The Commissioner moves the Court to remand this case to the Social Security Administration (the "Agency") with directions that an ALJ be assigned to "to complete the administrative record and issue a new decision." (*Id.* at 1). Having considered the motion, the undersigned RECOMMENDS that the presiding judge grant it.

---

[1] It is the undersigned's practice to identify the plaintiff using only the first and last initial in filings in social security disability cases. This ensures that the public maintains access to the opinions (in compliance with Rule 5.2(c)(2)(B) of the Federal Rules of Civil Procedure and the E-Government Act of 2002) while still protecting the privacy of non-government parties' identities within the opinion.

[2] 42 U.S.C. §§ 401–33.

## I.     APPLICABLE LAW

The Act grants United States District Courts the jurisdiction to review final decisions of the Agency. 42 U.S.C. § 405(g). As the Supreme Court has explained, two different sentences in that provision establish two different kinds of remand from the Courts back to the Agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 97–98 (1991) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 623–29 (1990)). The fourth sentence of the provision authorizes "a judgment affirming, modifying, or reversing the decision of the Commissioner[ ], with or without remanding the cause for a rehearing." 42 U.S. § 405(g). The sixth sentence, by contrast, authorizes the Court in limited circumstances to remand the case for the Agency to incorporate new evidence into the record, after which the case returns to the Court. *Id.*; *see Melkonyan*, 501 U.S. at 98.

Unlike the adversarial proceedings in Article III courts, proceedings before an ALJ are inquisitorial. *Carr v. Saul*, 593 U.S. 83, 89–90 (2021). The role of an ALJ is not to neutrally adjudicate the better of two competing sides, but is rather to "ensure that [the] administrative process is fair to claimants by conducting de novo, informal, non-adversarial hearings[.]" SSR 13-1p, 2013 WL 633939, *2; *accord* 20 C.F.R. § 404.900(b). This sometimes translates to an obligation to seek out evidence beyond what is submitted by the applicant. "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. If the ALJ does not satisfy his duty, his decision is not substantially justified." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (internal citations and footnotes omitted).

This duty prohibits an ALJ from assessing a claimant's residual functional capacity ("RFC")[3] in a way that contradicts all medical opinions in the record. *Raper v. Colvin*, 262 F. Supp. 3d 415, 422–23 (N.D. Tex. 2017) (collecting cases). "Medical opinion" has a technical

---

[3] RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

meaning in this context; "[a] medical opinion is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions in" performing physical, mental and other demands of work, or in adapting to environmental conditions. 20 C.F.R. § 404.1513(a)(2)(i)–(iii); *accord Ripley*, 67 F.3d at 557 (discussing "a medical source statement describing the types of work that the applicant is still capable of performing").

The law does not require, however, that the record contain any medical opinions in the first place. *Ripley*, 67 F.3d at 557 ("The absence of such a statement, however, does not, in itself, make the record incomplete."); *accord Gutierrez v. Barnhart*, 2005 WL 1994289, *7–*8, 2005 U.S. App. LEXIS 17610, *20–*24 (5th Cir. 2005). If no medical opinion is provided, the inquiry of a reviewing court "focuses on whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557. Notably, the substantial evidence[4] needed is not purely medical evidence, but is rather evidence that can compensate for the absence of a medical opinion—i.e., evidence of the work-related functions a claimant can still perform despite their limitations.

When reviewing disability determinations made by the Commissioner, a court is "limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Whether the record contained sufficient medical opinion evidence goes to whether substantial evidence supports the Commissioner's decision. *Ripley*, 67 F.3d at 557 ("If the ALJ does not satisfy his duty, his decision is not substantially justified. Reversal of his decision,

---

[4] "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion and constitutes more than a mere scintilla but less than a preponderance of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (cleaned up).

however, is appropriate only if the applicant shows that he is prejudiced.") (footnotes omitted); *accord Raper*, 262 F. Supp. 3d at 422–23. If the ALJ's assessment of a claimant's RFC is not supported by substantial evidence of the limitations that a claimant's impairments impose on the claimant's ability to work, and this lack of substantial evidence results in prejudice or harm[5] to the claimant, the ALJ's decision must be reversed. *Id.*

## II.     THE COMMISSIONER'S MOTION

Plaintiff argues that the ALJ failed to develop the record in this case. (ECF 11 at 1). Both state agency medical sources who reviewed Plaintiff's record concluded that there was insufficient evidence to assess disability. (*Id.* at 3; *accord* ECF 10-1 at 31 (ALJ's Decision)). The ALJ rejected these conclusions, and no other medical opinions were evaluated in the ALJ's Decision. (ECF 10-1 at 31). Plaintiff argues that, as a result, the ALJ's determination of Plaintiff's RFC was not supported by substantial evidence. (ECF 11 at 5).

The Commissioner, by filing the instant motion, has conceded this argument. (*See* ECF 16 at 1–2). The Commissioner moves for judgment on the merits and for remand under sentence four of § 405(g). (*Id.* at 1). On remand, the Commissioner intends to assign an ALJ to develop the record and issue a new decision. (*Id.*). Plaintiff does not oppose the Commissioner's motion. (*Id.*).

## III.     CONCLUSION

In summary, the parties agree that the decision of the ALJ in this case was unsupported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the

---

[5] Prejudice and harm are closely related concepts; if a plaintiff can show prejudice, *i.e.*, that "additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision[,]" then an error is not harmless, because it will not be "inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Ripley*, 67 F.3d at 557 n.22, *and Keel*, 986 F.3d at 556.

Commissioner be VACATED, the case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, and judgment entered accordingly.

ENTERED February 26, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988).